UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **CHUKWUMA E. AZUBUKO,**<br>    Plaintiff, | : <br> : <br> : | |
| v. | : | CIV. ACTION NO. 3:09-CV-1818 (VLB) |
| | : | |
| **UNITED STATES OF AMERICA,**<br>    Defendant. | : <br> : | |

| | | |
|---|---|---|
| **CHUKWUMA E. AZUBUKO et al.,**<br>    Plaintiffs, | : <br> : <br> : | |
| v. | : | CIV. ACTION NO. 3:10-CV-24 (VLB) |
| | : | |
| **RACHEL SKERRITT et al.,**<br>    Defendants. | : <br> : | |

| | | |
|---|---|---|
| **CHUKWUMA E. AZUBUKO,**<br>    Plaintiff, | : <br> : <br> : | CIV. ACTION NO. 3:10-CV-68 (VLB) |
| v. | : <br> : | |
| **UNKNOWN POLICE OFFICER,**<br>    Defendant. | : <br> : | April 29, 2010 |

**ORDER DISMISSING CASES AND PROHIBITING
CHUKWUMA E. AZUBUKO FROM FILING FUTURE
LAWSUITS WITHOUT LEAVE OF THE COURT**

The *pro se* Plaintiff, Chukwuma Azubuko, has a well-known history of filing frivolous litigation and abusing the resources of the federal judiciary. The Plaintiff's filings in the above-captioned cases continue his pattern of bringing frivolous claims despite an obvious and complete lack of basis for either jurisdiction or venue in this District. The Plaintiff's continued filing of frivolous lawsuits, which spans the course of fifteen years and at least ten districts,

compels the Court to curtail his deliberate and unfettered abuse of judicial resources. Accordingly, and on the basis of the facts particularized below, the Court dismisses the above-captioned cases pursuant to 28 U.S.C. § 1915(e)(2). In addition, a Standing Order is hereby issued, requiring the Plaintiff to obtain leave of the Court before filing future actions in the District of Connecticut.

## I. PENDING CASES

### A. Azubuko v. United States of America

In Azubuko v. United States of America, No. 3:09-cv-1818 (VLB), the Plaintiff, a resident of Massachusetts, brings suit against the United States, alleging, *inter alia,* that United States District Courts in New Hampshire, Rhode Island, Maine, Florida, Georgia, California, Louisiana, and New York have violated his Constitutional rights by dismissing prior actions filed by him for lack of jurisdiction. The Plaintiff demands compensatory and punitive damages of $1.1 billion.

The Court, in hearing actions *in forma pauperis*, must dismiss cases that it determines (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The present case satisfies all of the aforementioned criteria, which the Court will address in turn.

First, the Plaintiff's present action seems to be nothing more than a frivolous and malicious attempt to abuse the resources of the federal judiciary. As explained more fully below, the Plaintiff has been warned on many occasions and

in multiple jurisdictions that his continued pursuit of frivolous and vexatious litigation will not be tolerated.  See, e.g., Azubuko v. Liberty Mut. Ins. Co., No. 1:09-CV-5, 2009 WL 197366 (D. Ct. 2009); Azubuko v. MBNA America Bank, 396 F. Supp. 2d 1 (D. Mass 2005); Azubuko v. Sandofsky, No. 08-CV-1676, 2008 WL 1991091 (E.D.N.Y. 2008); Azubuko v. Boston Police Officer, No. 09-CV-566, 2009 WL 1924793 (D. Conn. 2009).

Second, the Plaintiff does not state any claim on which relief may be granted.  The Plaintiff asserts nonsensical claims that stretch well beyond the boundaries of credibility, such as that dismissal of his prior cases on jurisdictional grounds amounts to "torture."  Furthermore, the Plaintiff does not specify when or where the events giving rise to his claims occurred, rendering any decision on his claims impossible.

Third, the Plaintiff seeks to bring an action against the United States. However, it is well-settled that the United States enjoys sovereign immunity, and that this immunity extends to the federal courts, federal agencies, and officers of the United States acting in their official capacities.  See, e.g. United States v. Mitchell, 445 U.S. 535, 538 (1980); United States v. Sherwood, 312 U.S. 584, 586 (1941); Dotson v. Griesa, 398 F.3d 156, 177 (2d Cir. 2005).  Absent a waiver of sovereign immunity, courts lack jurisdiction to hear claims against the United States.  See Presidential Gardens Associates v. U.S. ex rel. Secretary of Housing and Urban Development, 175 F.3d 132, 139 (2d Cir. 1999) ("The waiver of sovereign immunity is a prerequisite to subject-matter jurisdiction . . .").

The Tucker Act, 28 U.S.C. §1491, provides that the United States Court of Federal Claims has exclusive jurisdiction over Constitutional claims against the United States for damages.  As a result, in the absence of a waiver of sovereign immunity, this Court does not have the requisite jurisdiction to hear the Plaintiff's present claims.

Accordingly, for the reasons stated above, this case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2).

### B.  Azubuko v. Skerritt

In Azubuko v. Skerritt, No. 3:10-cv-24 (VLB), the Plaintiff, a resident of Massachusetts, along with Chisom O. Azubuko and Precious Okereke, bring suit against twenty-five Defendants associated with the Boston Public School system and Massachusetts state government.  Although much of the complaint is incoherent and barely intelligible, the underlying factual basis of this lawsuit appears to be that Chisom O. Azubuko was arrested for possession of a firearm at Another Course to College, a Boston public school, on September 11, 2007.  The Plaintiffs are apparently challenging the legality of that arrest.  They assert claims including constitutional violations under 42 U.S.C. § 1983; "criminal fruit planting;" false arrest and imprisonment; malicious prosecution; deliberate indifference; "interference with prospective/economic advantages;" intentional infliction of emotional distress; "unusual cruelty;" obstruction of justice; "lack of skill;" defamation; perjury; retaliation; treason; and torture.

None of the events identified in the Plaintiff's complaint are alleged to have

occurred in or have any connection to Connecticut, nor are any of the parties alleged to reside in or have any connection to Connecticut.  Thus, the Plaintiff has not demonstrated that this Court has personal jurisdiction over any of the Defendants, either under Connecticut's long-arm statute, Conn. Gen. Stat. § 52-59b(a), or under a due process analysis.  See, e.g., Metro. Life Ins. Co. V. Robertson-Ceco Corp, 84 F.3d 560, 567 (2d Cir. 1996).  Furthermore, as the case appears to have no connection to Connecticut, there is no indication that Connecticut is the proper venue under 28 U.S.C. § 1391.

Accordingly, this case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2).

### C.  Azubuko v. Unknown Police Officer

Finally, in Azubuko v. Unknown Police Officer, No. 3:10-cv-68 (VLB), the Plaintiff brings suit against an unknown police officer of the Massachusetts Bay Transportation Authority ("MBTA").  The factual basis for this action is that the defendant warned a female individual at an MBTA Station in Boston that she should not enter the Plaintiff's taxi cab because it was not a licensed Boston taxi cab.  The Plaintiff asserts, *inter alia,* claims for violations of various antitrust laws of Massachusetts and the United States, constitutional claims under 42 U.S.C. § 1983, interference with prospective economic advantage, and intentional and negligent infliction of emotional distress.

Again, none of the events identified in the Plaintiff's complaint are alleged to have occurred in or have any connection to Connecticut, nor are any of the parties alleged to reside in or have any connection to Connecticut.  Both the Plaintiff and

5

the Defendant appear to be residents of Massachusetts. Thus, the Plaintiff has not demonstrated that this Court has personal jurisdiction over the Defendant, either under Connecticut's long-arm statute, Conn. Gen. Stat. § 52-59b(a), or under a due process analysis. See, e.g., Metro. Life Ins. Co. V. Robertson-Ceco Corp, 84 F.3d 560, 567 (2d Cir. 1996). Furthermore, as the case appears to have no connection to Connecticut, there is no indication that Connecticut is the proper venue under 28 U.S.C. § 1391.

Accordingly, this case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2).

## II.  PLAINTIFF'S LITIGATION HISTORY

Including the above-captioned actions, the Plaintiff has at least eleven cases currently pending in the District of Connecticut. The Plaintiff's history of abuse of the judicial process spans the course of fifteen years and at least ten districts. From 1995 to the present, the Plaintiff has filed more than 260 actions in federal courts nationwide, most of which have been duplicative, frivolous, and vexatious, and have been dismissed for lack of jurisdiction. See, e.g., Azubuko v. Liberty Mut. Ins. Co., No. 1:09-CV-5, 2009 WL 197366 (D. Ct. 2009); Azubuko v. MBNA America Bank, 396 F. Supp. 2d 1 (D. Mass 2005); Azubuko v. Sandofsky, No. 08-CV-1676, 2008 WL 1991091 (E.D.N.Y. 2008); Azubuko v. Boston Police Officer, No. 09-CV-566, 2009 WL 1924793 (D. Conn. 2009).

The Plaintiff's extensive litigation history has been chronicled by the District of Massachusetts, where he is subject to Orders preventing him from filing any further documents without leave of the Court. See MBNA America Bank, 396 F.

Supp. 2d at 5-7. On September 6, 1995, Chief Judge Young of the District of Massachusetts issued an Order against the Plaintiff in Azubuko v. Registry of Motor Vehicles, No. 95-11661-WGY, after dismissing his complaint for failure to state a claim. Id. at 5. In the Order, Chief Judge Young directed the Clerk not to accept for filing any further documents from the Plaintiff, acting *pro se*, unless accompanied by a motion seeking leave of the Court and the motion was granted by the Court. Id.

Thereafter, the Plaintiff began filing actions in the district courts of other states that had no connection to the events or charges in his complaint. Id. On December 17, 2003, Judge Saris of the District of Massachusetts noted in Commonwealth Auction Association, 08mc10053-PBS, that the Plaintiff had attempted to circumvent Chief Judge Young's 1995 Order by filing numerous lawsuits in other districts. Id. at 5-6.

Three months later, on March 31, 2004, Chief Judge Young ordered the Plaintiff to pay the Board of Bar Overseers of the Commonwealth of Massachusetts an award of $500 as partial compensation for its efforts in litigating the case of Azubuko v. Board of Bar Overseers of the Supreme Judicial Court, C.A. 04-10192-WGY. Id. at 6. Chief Judge Young also ordered a sanction of $5,000 against the Plaintiff, suspended until he filed an action in any United States court subsequently found to be frivolous, as a result of his practice of filing frivolous lawsuits in district courts across the country. Id.

Subsequently, on February 24, 2005, Judge O'Toole of the District of

Massachusetts found in <u>Azubuko v. Urban Property Management et al.</u>, No. 05-10066-GAO, that the Plaintiff had not complied with any of the conditions of Chief Judge Young's 1995 Order because he had filed actions in other districts that were subsequently transferred to the District of Massachusetts.  <u>Id.</u>  Judge O'Toole noted that the Plaintiff is still subject to the 1995 leave-to-file Order, even if his case is transferred to the District of Massachusetts from another district.  <u>Id.</u>  Judge O'Toole also warned the Plaintiff that further abusive filings may result in the imposition of additional monetary sanctions as well as contempt proceedings.  <u>Id.</u>

Notwithstanding repeated warnings by several District of Massachusetts Judges, the Plaintiff continued to file frivolous cases nationwide, some of which were transferred to the District of Massachusetts.  On May 10, 2005, Judge Zobel of the District of Massachusetts reiterated the statements made by Judges in prior cases and ordered that the Plaintiff not file any documents in the Court by transfer or otherwise, without including with such document a motion for leave to file the same, and that violation of the Order may give rise to sanctions.  <u>Id.</u> at 6.

In addition to the sanctions imposed by the District of Massachusetts, numerous district courts across the country, including courts in Texas, Tennessee, Georgia, Delaware, Florida and Pennsylvania, have dismissed the Plaintiff's lawsuits as frivolous and issued warnings of possible sanctions resulting from further frivolous filings.  <u>See</u> <u>id.</u> at 6-9 (detailing Azubuko's history of filing frivolous lawsuits).

**Despite these warnings, the Plaintiff has been undeterred, and has continued his pattern of pursuing frivolous litigation by filing numerous lawsuits in the District of Connecticut without any basis for jurisdiction or venue here. On July 1, 2009, Judge Droney specifically noted the Plaintiff's history of filing frivolous litigation in Azubuko v. Boston Police Officer, No. 3:09-cv-566 (CFD), 2009 WL 1924793, at \*1 (D. Conn. July 1, 2009). As Judge Droney explained, the Plaintiff "continues to seek a forum in which to litigate new causes of action despite the complete lack of basis for either jurisdiction or venue in the new forum." Id. Judge Droney dismissed the Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) on the basis of improper venue and lack of personal jurisdiction, and denied the Plaintiff's motion for reconsideration. Id. In addition to the case before Judge Droney, several other cases filed by the Plaintiff in this District have been dismissed as frivolous under 28 U.S.C. § 1915(e)(2) as well. See, e.g., Azubuko v. Massachusetts Port Authority Taxi Dispatcher, 3:10-cv-00238-WWE, Doc. #8 (D. Conn. Apr. 1, 2010); Azubuko v. Connors, 3:10-cv-01973-VLB, Doc. #9 (D. Conn. Jan. 1, 2010); Azubuko v. Boston Police Officer, 3:09-cv-01192-VLB, Doc. #10 (D. Conn. Nov. 9, 2009); Azubuko v. Corcoran, 3:09-cv-1207-AWT, Doc. #5 (D. Conn. Aug. 18, 2009); Azubuko v. Boston Police Officer, 3:09-cv-1203-AWT, Doc. #9 (D. Conn. Aug. 18, 2009).**

**Furthermore, the Plaintiff has been warned by the Second Circuit Court of Appeals that "any future frivolous filings [there] may result in sanctions, which may include monetary sanctions or prohibition from further filings in this Court."**

**Azubuko v. Giorlandino, No. 99-7337, 2000 WL 553184, at *1 (2d Cir. May 2, 2000)**.

### III. SANCTIONS

The Plaintiff's repeated filing of frivolous lawsuits in this District is clearly a continuation of his efforts, which he commenced in 1995, to circumvent the aforementioned Orders entered in the District of Massachusetts. Despite receiving numerous warnings and sanctions from courts across the country, the Plaintiff has continued his pattern of filing frivolous and vexatious litigation nationwide and abusing the resources of the federal judiciary. Moreover, given his academic and professional achievements, it is obvious that the Plaintiff is acting deliberately. He alleges in his complaints that he holds a Master's Degree in Education, has received distance education in law from universities in the United Kingdom, and has worked for Boston public schools as a substitute teacher. In addition, he has filed well over two hundred lawsuits in courts throughout the country. The Plaintiff's background and litigation history indicate that he understands the warnings issued by numerous courts and the Orders entered by the District of Massachusetts prohibiting him from filing actions there without leave, but simply chooses to ignore them. Moreover, as noted above, numerous cases filed by the Plaintiff in this District have been dismissed as frivolous, and yet the Plaintiff continues to file cases here despite a complete lack of basis for jurisdiction or venue. In these circumstances, the Court has little choice. The imposition of sanctions against the Plaintiff is clearly warranted in order to curtail his deliberate and unfettered abuse of judicial resources and to

assure the effective administration of justice to redress legitimate claims.  See [MBNA Bank America, 396 F. Supp. 2d at 7-10](#) (imposing sanctions against the Plaintiff under Fed. R. Civ. P. 11 and pursuant to the court's inherent power to impose sanctions for abuse of the judicial system).  To that end, a Standing Order is hereby issued, requiring the Plaintiff to obtain leave of the Court before filing future actions in the District of Connecticut.

Accordingly, it is hereby ordered:

(1)  That the Plaintiff, using the name Chukwuma Azubuko or any other name or surrogate, shall not file any further actions in this District or cause any further actions to be filed in this District by transfer or otherwise, without first submitting a motion for leave to file the same; and

(2)  That a violation of this Order will result in automatic dismissal of the case in question and may give rise to monetary sanctions and contempt proceedings; and

(3)  That the Plaintiff is hereby granted leave to file a notice of appeal from this Order.

IT IS SO ORDERED.

/s/
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut:  April 29, 2010.